# IN THE COURT OF APPEALS OF IOWA

No. 22-1924
Filed February 22, 2023

**IN THE INTEREST OF M.W.,**
**Minor Child,**

**K.W., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Stephanie Forker Perry, District Associate Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Elizabeth K. Elsten of Johnson Law Firm, PC, Spirit Lake, for appellant mother.

Brenna Bird, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Michelle M. Hynes of the Juvenile Law Center, Sioux City, attorney for minor child.

Molly Vakulskas Joly of Vakulskas Law Firm, P.C., Sioux City, guardian ad litem for minor child.

Considered by Bower, C.J., and Badding and Buller, JJ.

**BADDING, Judge.**

A mother who continues to battle addiction appeals the termination of her parental rights to her child—born in 2021—under Iowa Code section 232.116(1)(h), (i), and (*l*) (2022).[1]  The mother challenges the sufficiency of evidence relating to the first step in the three-step termination framework, argues that reasonable efforts toward reunification were not made, and suggests she should have been given more time to work toward reunification.  We review each of her claims de novo.  *See In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022).

Beginning with the statutory grounds for termination in section 232.116(1), we may affirm termination "on any ground we find supported by clear and convincing evidence."  *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).  Turning our focus to section 232.116(1)(h), the mother only challenges the final element—that the child could not be returned to her custody at the time of the termination hearing.  *See* Iowa Code § 232.116(1)(h)(4) (requiring clear and convincing evidence "that the child cannot be returned to the custody of the child's parents . . . at the present time"); *D.W.*, 791 N.W.2d at 707 (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing").

A de novo review of the record shows the mother has a long history of substance abuse, criminal behavior, and involvement with the Iowa Department of Health and Human Services.  The child at issue tested positive for methamphetamine and THC upon her birth in June 2021.[2]  The mother admitted

---

[1] The father's rights were also terminated.  He did not appeal.

[2] The department was already involved with the family during the pregnancy due to reports that the mother was using methamphetamine and marijuana while caring for her three older children.  Those children are not at issue in this appeal.

to using both substances during the pregnancy, although she said that she stopped using methamphetamine a few months before the child was born. Concerns also arose about domestic violence in the home, the mother's mental health, and her abuse of prescription drugs.

Fast-forward to the permanency hearing in September 2022. By then, the mother was homeless, unemployed, and without her own means of transportation. Her visits remained fully supervised. And she was pregnant again. Since the case started, the mother refused or failed to appear for drug testing on several occasions. Of the tests that were administered, they were riddled with positive results for THC and methamphetamine. The mother underwent multiple substance-abuse and mental-health evaluations, all of which recommended treatment. She entered inpatient substance-abuse treatment three times but left each time against medical advice. Her participation in outpatient substance-abuse treatment was never consistent. She never meaningfully participated in mental-health treatment either.

The mother agreed in her testimony at the permanency hearing that she was still struggling with her addiction and mental health. She entered inpatient treatment for a fourth time just days before the hearing, though she admitted to using drugs daily before her admission. While she believed this time in treatment would be "different," she was wrong. By the time of the termination hearing in October, the mother had again left treatment, her whereabouts were unknown, and she did not appear for the hearing. In addition, the department caseworker had received a report from the family-centered-services provider that the mother showed up for a recent visit exhibiting signs of active drug use. With all this in

mind, we agree with the juvenile court that the child could not be returned to the mother's care at the time of the termination hearing, and termination was therefore proper under section 232.116(1)(h).

For her reasonable-efforts challenge, the mother submits "she was wrongfully deprived of visitation services," highlighting "frequently changed visits" and "time limits on visits themselves." We agree with the State that the mother failed to preserve this challenge because she did not raise it with the juvenile court, even during her belated complaints about the department's efforts in her testimony at the permanency hearing. *See In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002) (noting complaints must be voiced to the court); *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005) (stating the parent's obligation to request specific services must precede the permanency hearing to preserve error for appellate review). In any event, we conclude the department's efforts were "reasonable under the circumstances," *see In re S.J.*, 620 N.W.2d 522, 525 (Iowa Ct. App. 2000), given the services provided and the mother's response to them. *See In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000).

Turning finally to the mother's request for additional time to work toward reunification, a six-month extension is appropriate only if the parent can establish that "the need for removal . . . will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b); *accord In re W.T.*, 967 N.W.2d 315, 323 (Iowa 2021). Here, the mother appears to claim the extension should have been granted at the permanency hearing. But the court's permanency order was not a final appealable order on the issue, and its provisions have now been "subsumed in the termination proceeding." *In re T.H.*, No. 20-0267, 2020

WL 4201816, at \*4 (Iowa Ct. App. July 22, 2020) (citation omitted).  To the extent the mother argues an extension should have been granted at the termination hearing, she has not enumerated what factors, conditions, or expected behavioral changes will alleviate the need for removal at the end of an extension.  *See* Iowa Code § 232.104(2)(b).  On this record, we cannot do so either and therefore conclude an extension of time is not warranted.

All told, we affirm the termination of the mother's parental rights.

**AFFIRMED.**